MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
02/12/2024 04:01 PM
CV 2024 02 0299

## IN THE COMMON PLEAS COURT OF BUTLER COUNTY, OHIO
## CIVIL DIVISION

**Tammy E. Young**
2218 Whittier Street
Middletown, OH 45042

Plaintiff

v.

**Kohl's, Inc.**
**c/o Statutory Agent**
**Corporate Creations Network, Inc.**
119 E. Court Street
Cincinnati, OH 45202

Defendant

Case No.:_____

Judge_____

**COMPLAINT FOR PERSONAL
INJURIES WITH JURY DEMAND
ENDORSED HEREIN**

---

### FIRST CLAIM FOR RELIEF

1. Defendant, Kohl's, Inc. (hereinafter "Defendant"), operates a store open to the general public and located at 7935 Tylersville Road, West Chester Township, Butler County, Ohio.

2. On or about October 28, 2023, Plaintiff, Tammy E. Young, (hereinafter "Plaintiff"), business invitee at the aforementioned Kohl's, was injured as a result of a fall, the proximate cause of which was a dangerous and hazardous condition created by Defendant, and/or its agents and/or employees, and/or known by them to exist, to wit: a faulty and dangerous doorstop on a bathroom door that was not properly secured to the door and allowed catching Plaintiff's shoe string causing her to fall forward while entering said bathroom.

3. At all relevant times herein, Defendant's employees and/or agents were acting within the course and scope of their employment and/or agency with Defendant, as employees and/or independent contractors and/or maintenance personnel, and Defendant is therefore vicariously liable.

**Ex. A**

4. Defendant's employees and/or agents have a duty to complete work assigned to them in a reasonably safe manner and to exercise reasonable caution/care when completing work so as to not cause injury to patrons/business invitees of the property.

5. Defendant has a duty to exercise reasonable care and to work in a manner consistent with the standard operation of a public store, including supervision of employees and/or agents, inspection of the premises and elimination of dangers in connection with the work of its employees and/or agents.

6. Defendant was negligent in the manner which it conducted its work, in that it recklessly, carelessly and negligently created and/or maintained a dangerous condition known by it to exist, or one that should have been known to exist, to wit: a faulty and dangerous doorstop on a bathroom door that was not properly secured to the door.

7. Defendant's failure to train and/or supervise said employees and/or agents caused and/or substantially contributed to the negligence cited above.

8. Defendant has a duty to operate its public store in a reasonably safe manner, to inspect its public store in a manner designed to discover dangerous and hazardous conditions, and to provide a warning to the public regarding the existence of dangerous and hazardous conditions.

9. Defendant was negligent in the operation, maintenance, and care of its public store in that it unreasonably and unnecessarily created a dangerous and hazardous condition and/or allowed such condition to exist, to wit: a faulty and dangerous doorstop on a bathroom door that was not properly secured to the door.

10. Defendant was negligent in the operation, maintenance, and care of its public store in that it failed to properly design, construct, or erect caution signs or otherwise warn the public generally, and Plaintiff, specifically, of hazardous conditions resulting from a faulty and dangerous doorstop on a bathroom door that was not properly secured to the door.

11. Defendant was negligent in that it failed to conduct any regular inspection of its public store, thereby failing to discover and correct/repair the defective condition which presented a hazard to the public, generally, and Plaintiff, specifically.

12. As the proximate result of the negligence of Defendant, Plaintiff sustained injuries and damages as follows:

   a. Severe and permanent injuries including but not limited to fractures in the left shoulder;

   b. Great pain and suffering both physical and emotional, and loss of ability to perform usual functions and will cause her further pain and suffering and loss of ability to perform usual functions in the future;

   c. Reasonable and necessary medical expenses in an amount in excess of $15,000.00.

13. The aforesaid negligence of Defendant and/or its agents and/or employees was the direct and proximate cause of the injuries and damages to Plaintiff.

**WHEREFORE**, Plaintiff, Tammy E. Young, demands judgment against the Defendant, Kohl's, Inc., in an amount in excess of $25,000.00, plus attorney fees and the cost of this action.

Respectfully submitted,

**DYER, GAROFALO, MANN & SCHULTZ**

Kenneth J. Ignozzi, Esq. (0055431)
Attorney for Plaintiff
131 N. Ludlow Street, Suite 1400
Dayton, Ohio 45402
Phone: (937) 223-8888
Fax: (937) 824-8630
kignozzi@dgmslaw.com

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

Kenneth J. Ignozzi, Esq. (0055431)
Attorney for Plaintiff